David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of New York

1:21-cv-00360
Judge Nicholas G. Garaufis
Magistrate Judge Peggy Kuo

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2021 ★
BROOKLYN OFFICE

NO SUMMONS ISSUED

| | |
|---|---|
| United States of America ex rel. GNGH2 Inc., <br><br> Plaintiff-Relator, <br><br> - against - <br><br> CLEARVIEW OPERATING CO., LLC; <br><br> THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC; <br><br> GRAND GREAT NECK, LLC; <br><br> BARNWELL OPERATIONS ASSOCIATES, LLC; <br><br> GRAND MOHAWK VALLEY, LLC; <br><br> HERITAGE OPERATING ASSOCIATES LLC; <br><br> GRAND BATAVIA, LLC; and <br><br> EN RECEIVER LLC, <br><br> Defendants. | Index No.: <br><br><br> COMPLAINT |

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.    This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by

means of fraudulent certifications of eligibility. As set forth in more detail below, the Defendants in this matter are all affiliates of each other. Taken together, their size and revenues far exceed the maximum threshold for eligibility for disaster relief.

## II. Parties

2. Plaintiff-Relator GNGH2 is a New Jersey corporation.

3. Defendants CLEARVIEW OPERATING CO., LLC; THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC; GRAND GREAT NECK, LLC; THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC; BARNWELL OPERATIONS ASSOCIATES, LLC; GRAND MOHAWK VALLEY, LLC HERITAGE OPERATING ASSOCIATES LLC; GRAND BATAVIA, LLC; and EN RECEIVER LLC are New York Limited Liability companies.

## III. Jurisdiction and Venue

4. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any one Defendant resides or transacts business. In this case, Defendant CLEARVIEW OPERATING CO., LLC operates a nursing home in Queens, New York. Further all of the Defendants are operated by The Grand Healthcare System which has its offices at 70 East Sunrise Highway, Suite 605, Valley Stream, New York.

## IV. Activities of and Relationship Among the Defendants

5. All of the Defendants in this matter operate nursing homes in New York as follows:

| Defendant | Nursing Home |
|---|---|
| CLEARVIEW OPERATING CO., LLC | The Grand Rehabilitation and Nursing at Queens |

| | |
|---|---|
| THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC | The Grand Rehabilitation and Nursing at Pawling |
| GRAND GREAT NECK, LLC | The Grand Rehabilitation and Nursing at Great Neck |
| BARNWELL OPERATIONS ASSOCIATES, LLC; | The Grand Rehabilitation and Nursing at Barnwell |
| GRAND MOHAWK VALLEY, LLC | The Grand Rehabilitation and Nursing at Mohawk Valley |
| HERITAGE OPERATING ASSOCIATES LLC | The Grand Rehabilitation and Nursing at Utica |
| GRAND BATAVIA, LLC | The Grand Rehabilitation and Nursing at Batavia |
| EN RECEIVER LLC | Buffalo Community Healthcare Center |

6. All of these Defendants are under common control and management by an individual named Jeremy Strauss through an entity called Strauss Ventures LLC which does business as "The Grand Healthcare System."

## V.  Background

7. Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster relief.

11. Each of the Defendants herein applied for and received such funding as follows:

| Party | Date | Amount |
|---|---|---|
| CLEARVIEW OPERATING CO., LLC | 4/16/2020 | $2m+ |
| THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC | 4/16/2020 | $1m+ |
| GRAND GREAT NECK, LLC | 4/28/2020 | $2m+ |
| BARNWELL OPERATIONS ASSOCIATES, LLC | 4/16/2020 | $1m+ |
| GRAND MOHAWK VALLEY, LLC | 4/27/2020 | $350k+ |
| HERITAGE OPERATING ASSOCIATES LLC | 4/9/2020 | $1m+ |
| GRAND BATAVIA, LLC | 4/27/2020 | $350k+ |
| EN RECEIVER LLC | 4/10/2020 | $1m+ |
| Total: | | $8.6m+ |

12. With a few inapplicable exceptions, the eligibility rules require that all affiliated and related entities be considered in determining whether a business qualifies for such loans.

13. Looking at the Defendants as a whole, the Defendants had far more than the maximum assets, payroll size, and revenue for qualification.

14. Thus, the Defendants necessarily made false statements when they executed SBA Form 2483 stating as follows:

> The Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the Small Business Administration (SBA) implementing the Paycheck Protection Program under Division A, Title I of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) (the Paycheck Protection Program Rule).

15. These statements would have been made shortly before the dates set forth above. As a result of these statements, the Defendants received substantial funds to which they would not otherwise have been entitled.

4

16. Additionally, the PPP applications require a certification by the applicant that "Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant"

17. Separate and apart from the disaster relief described above, the Defendants in this matter received CARES "Provider Relief" from the United States in the following amounts:

| | |
|---|---|
| CLEARVIEW OPERATING CO., LLC | $1,432,730 |
| THE CENTER FOR REHABILITATION AND HEALTHCARE AT DUTCHESS, LLC | $811,444 |
| GRAND GREAT NECK, LLC | $1,478,531 |
| BARNWELL OPERATIONS ASSOCIATES, LLC | $1,592,193 |
| GRAND MOHAWK VALLEY, LLC | $747,327 |
| HERITAGE OPERATING ASSOCIATES LLC | $1,279,034 |
| GRAND BATAVIA, LLC | $400,782 |
| EN RECEIVER LLC | $575,543 |
| Total: | $8,317,584 |

18. Thus, it seems doubtful that the $8.6+ million set forth in paragraph 11 above was actually necessary to support the Defendants' operations.

## VI. (Count I) Violation of the False Claims Act

19. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

20. The Courts have held that this can include false statements regarding eligibility to participate in a program. See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false

even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII. Relief Sought**

22. On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23. The Defendants received at least approximately $8.6 million in disaster relief as a result of the certifications set forth above.

24. Accordingly, Relator seeks judgment in the amount of $25 million against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
December 27, 2020